## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| GLORIA PAVLATOS, f/k/a GLORIA METROPOULOS, | CIVIL COMPLAINT |
| Plaintiff | CASE NO. |
| v. | |
| ENHANCED RECOVERY COMPANY, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

### COMPLAINT FOR RELIEF PURSUANT
### TO THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, GLORIA PAVLATOS ("Plaintiff"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of ENHANCED RECOVERY COMPANY, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ( "FDCPA") for Defendant's unlawful collection practices.

### JURISDICTION AND VENUE

2.  This action arises under, and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331, 1337, as the action arises under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391.

4.   Upon information and belief, Defendant conducts business in this District and all of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

5.   Plaintiff is a natural person residing at 866 Insignia Court, Palatine, Illinois 60067 and is a consumer as defined by §1692a(3).

6.   At all times relevant to the action, Defendant was a national debt collection firm with a principal office located in Dover, Delaware and is headquartered in Jacksonville, Florida. Defendant is a third-party debt collector that is in the business of collecting debts for first and third party vendors. Some of the debts being collected by Defendant included a debt allegedly owed by Plaintiff.

7.   Defendant is in the business of collecting debts  in the state of Illinois.

8.   Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

## FACTS SUPPORTING CAUSES OF ACTION

9.   In May of 2003, Plaintiff applied for and obtained a credit card from Nordstrom, FSB ("Nordstrom").

10. At some point in time after obtaining the Nordstrom card, Plaintiff defaulted on her monthly payments to Nordstrom ("subject debt").

11. On August 13, 2012, Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 12-B-32071, invoking the protections of the automatic stay pursuant to 11 U.S.C. §362. *See* attached Exhibit A is a true and correct copy of the Notice of Bankruptcy Case Filing.

12. Upon information and belief, after the bankruptcy filing, Nordstrom employed Defendant to collect on the subject debt.

13. Plaintiff duly scheduled Nordstrom as an unsecured creditor on Schedule F of her bankruptcy petition. *See* Exhibit B is a true and correct copy of the Plaintiff's Schedule F filed with the bankruptcy court.

14. Specifically, Plaintiff scheduled the subject debt in the amount of $19,428.00 on her Schedule F. *Id.*

15. On or about August 16, 2012, the Bankruptcy Noticing Center ("BNC") provided Nordstrom with notice of the bankruptcy filing and notice of the automatic stay. *See* attached Exhibit C is a true and correct copy of the Certificate of Notice, which includes notice of the automatic stay, executed by the BNC establishing service upon Nordstrom.

16. On December 11, 2012, Plaintiff received a Discharge in accordance with 11 U.S.C. §727. *See* attached Exhibit D is a true and correct copy of the Discharge Order.

17. On or about December 13, 2013, a Notice of the Discharge was mailed to all creditors, including Nordstrom, by the BNC. *See* attached Exhibit E is a true and correct copy of the Certificate of Notice executed by the BNC establishing service of the Discharge Order upon Nordstrom.

18. After the bankruptcy filing and the imposition of the automatic stay, and prior to the Plaintiff's discharge, Defendant attempted to collect the subject debt from the Plaintiff.

19. Specifically, on or about September 25, 2012 and November 8, 2012,  Defendant sent dunning letters to Plaintiff demanding  payment of $19,428.40 on the subject debt, notwithstanding having actual knowledge of the bankruptcy filing. *See* attached Exhibit F are true and accurate copies of the demands for payment sent to Plaintiff by Defendant.

20. On the dunning letters dated September 25, 2012 and November 8, 2012, Defendant states, "As a result of your failure to resolve your financial obligation with Nordstrom FSB, your account has been assigned to Enhanced Recovery Company, LLC for collection efforts." *Id.*

21. Defendant's dunning letters offers a repayment plan and states "We are willing to reduce your outstanding balance by offering discounted options." *Id.*

22. Concerned about the violations of her rights and protections afforded by virtue of filing her chapter 7 case, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

23. All of Defendant's collection efforts occurred with knowledge of the Plaintiff's bankruptcy, and within one year of the date of this complaint.

## Count I – Violations of The Fair Debt Collection Practices Act

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. In general, the FDCPA prohibits the use of, "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

26. Defendant violated 15 U.S.C. §§1692 e(2), e(10), (f), and c(a)(2) through its debt collection efforts.

27. Defendant violated 15 U.S.C. §1692(e)(2) when it misrepresented the character, amount, or legal status of the subject debt as the subject debt was not owed at the time Defendant demanded payment of the subject debt as the Plaintiff was in a pending bankruptcy.

28. Defendant violated 15 U.S.C. §1692(e)(10) when it falsely represented that the subject debt was owed at the time of the demands.

29. Defendant violated 15 U.S.C. §1692(f) by employing unfair and unconscionable means to collect the subject debt as the Plaintiff was protected by the automatic stay and did not have a duty or obligation to make payment.

30. Given that the underlying subject debt was duly scheduled in Plaintiff's bankruptcy, Defendant had no legal right to attempt to collect the subject debt from Plaintiff by virtue of the automatic stay, commencing August 13, 2012.

31. Defendant's dunning letters sent to Plaintiff were deceptive as they state a debt is due and owing when in fact it is not.

32. The Defendant's dunning letters were made with the intent to deceive Plaintiff into paying the debt that was uncollectable by virtue of the automatic stay

33. Defendant's dunning letters failed to recognize Plaintiff's bankruptcy in any capacity.

34. Defendant violated 15 U.S.C. §1692 c(a)(2) when it sent demands for payment to a consumer it knows to be represented by an attorney.[1]

35. Defendant's dunning letters were false, deceptive, and misleading.

36. Defendant's harassment techniques are designed to force consumers such as Plaintiff to pay immediately to avoid further harassment, embarrassment, and sheer annoyance, notwithstanding Plaintiff's bankruptcy protection.

37. The false statements were a willful attempt to confuse Plaintiff and trick her into paying a debt which was included in her bankruptcy.

38. Plaintiff has expended numerous hours consulting with her attorneys as a result of Defendant's deceptive collection actions.

39. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect a debt that was not owed at the time of demand.

---

[1] Defendant, as an agent of Nordstrom, knew or should have known that the Plaintiff was represented by counsel.

40. Plaintiff suffered emotional distress as a direct consequence of Defendant's unlawful collection practices.

41. As a result of the above violations of the FDCPA, and in consideration of the willful and malicious disregard to the bankruptcy automatic stay and the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and legal fees pursuant to 15 U.S.C. §1692.

WHEREFORE, Plaintiff, GLORIA PAVLATOS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000 as prescribed by the FDCPA;

c. Awarding actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### Count II -- Violation of Illinois
### Consumer Fraud and Deceptive Business Practices Act

42. Plaintiff restates and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect an uncollectible debt from Plaintiff.

44. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in

6

> the conduct of any trade or commerce are hereby declared
> unlawful whether any person has in fact been misled, deceived or
> damaged thereby.
> 815 ILCS 505/2.

45. Defendant's attempt to collect a debt is part of the conduct of any trade or commerce.

46. Defendant's demands for payment on the subject debt, which was duly scheduled in Plaintiff's bankruptcy, represents the use of deception, fraud, and false pretense in an attempt to collect a debt because it was not owed at the time the demands for payment were made by Defendant.

47. Defendant's demands for payment were made with knowledge of the bankruptcy case filing and were unfair and misleading to Plaintiff.

48. Defendant intended that Plaintiff rely on its misrepresentations.

49. ICFA was designed to protect consumers from the very acts committed by Defendant.

50. Defendant's misrepresentations were unlawful and represent the conduct ICFA was legislated to protect consumers from.

51. ICFA further states:

> Any person who suffers actual damage as a result of a violation of
> this Act committed by any other person may bring an action
> against such person. The court, in its discretion may award actual
> economic damages or any other relief which the court deems
> proper.
>
> 815 ILCS 505/10a

52. As pled in paragraphs 38 through 40 above, Plaintiff was harmed by Defendant's unfair and deceptive practices.

53. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, GLORIA PAVLATOS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

7

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding the Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: November 7, 2013                     Respectfully Submitted,

                                            /s/ Mohammed O. Badwan
                                            Mohammed O. Badwan, Esq. ARDC#6299011
                                            Counsel for Plaintiff
                                            Sulaiman Law Group, LTD
                                            900 Jorie Blvd, Ste 150
                                            Oak Brook, IL 60523
                                            Phone (630)575-8181
                                            Fax: (630)575-8188